### SLOAN vs. McKINNEY, Adm'r.

1. An administrator is chargeable on final settlement with money received by him after his removal from office, from an attorney who had collected it on debts of the estate, which had been placed in his hands for collection by the administrator before his removal.

Error to the Court of Probate of Limestone.

The Court of Probate charged Sloan, on the final settlement of his administration on the estate of Wm. L. Harris, deceased, with the sum of four hundred dollars, which he had received in November, 1849, from an attorney in whose hands he had placed certain debts due the estate, while he was acting as administrator. Sloan was removed from the administration in March, 1849, and the attorney afterwards paid the money to him without notice of his removal.

R. C. Brickell, for plaintiff in error:

1. There was no conversion of the assets until after the plaintiff in error had been removed from the administration.—1 Will. on Ex. 779-787; 2 ib. 1765.

2. Upon the removal of the plaintiff in error, all the assets of the estate, remaining in specie, unconverted or unadministered, passed to the administrator de bonis non, to whom also were transferred all rights, whether in suits pending, judgments recovered or otherwise.—Clay's Dig. 221, § 4; 227, § 30; 7 Ala. 478; 11 ib. 872; 9 ib. 721; 17 ib. 765. The collection of the money by the plaintiff in error was illegal, unauthorized, and not virtute officii.—12 Ala. 105; 7 ib. 478.

3. The jurisdiction of the Probate Court over an administrator terminates with his legal authority over the estate. Clay's Dig. 226, § 27; ib. 229, § 41; 13 Ala. 329; 13 ib. 781.

4. Nor can the decree of the Probate Court be sustained under the Act of 1846, which only confers power upon the court to decree in favor of the administrator de bonis non, for such balance as before the passage of the act was decreed to the heirs or distributees.—The cases of Driver v. Riddle, 8 Por. 343, and Gayle v. Elliott, 10 Ala. 264, do not conflict with this position.

E. J. JONES, *contra:*

1. The inventory was sufficient to charge the administrator with the debt in question, (10 Ala. 613; 16 ib. 45;) and he could only avoid being so charged by sufficiently accounting for it, which he failed to do.

2. The attorney was Sloan's agent, and the receipt of the money by him was a receipt by Sloan.—2 Greenl. Ev. 104, § 125. It does not appear when the money was paid to the attorney, and the presumption must be, that it was paid prior to Sloan's remova.—1 6 Ala. 801; 1 ib. 517; 1 ib. 582.

3. The conduct of Sloan amounted to a conversion.—8 Por. 193.

4. The statute gives an administrator the power to resign, but it makes him and his securities responsible for all assets not duly administered, or delivered to his successor.—Clay's Dig. 222, § 9; Gayle v. Elliott, 10 Ala. 264; Driver v. Riddle, 8 Por. 344; 12 Ala. 107.

DARGAN, C. J.—An administrator-in-chief who has resigned or been removed from office, is bound to account for all assets that have come to his hands, whether they remain in specie, or have been converted by him; and under the act of the 4th of February, 1846, a decree may be rendered against him by the Court of Probate in favor of the administrator *de bonis non*, for any balance found to be due from him to the estate which he represented. It is therefore immaterial to enquire, whether the money was collected by the plaintiff in error, before or after his removal from office. He received the debt as assets of the estate, and was bound to account for it upon his removal from office. This he could have done by surrendering the debt to the administrator *de bonis non;* but refusing to do this, and receiving the money after his removal, he was bound for the debt, and was properly made to account for it in the Court of Probate.

Let the decree be affirmed.